302 So.2d 478 (1974)
Stella RYLANDER, Appellant,
v.
SEARS ROEBUCK & COMPANY, Appellee.
No. 73-986.
District Court of Appeal of Florida, Third District.
October 29, 1974.
Manuel W. James, Key West, for appellant.
Michael H. Cates, Key West, for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Defendant-appellant seeks review of a final judgment for $3,581.90 entered in favor of the plaintiff-appellee in this action to recover on an account stated.
In May 1968, defendant-appellant, Stella Rylander, entered into a written contract with the plaintiff-appellee, Sears Roebuck and Company, for the installation of a bathroom with all accessories, kitchen sink, refrigerator, range, lights, living room couch and living room lighting. The contract also provided for the installation of *479 new wiring and light switches. In March 1972, plaintiff Sears filed the instant action against Ms. Rylander to recover $3,673.85 owed by her on two credit accounts with the company. In response thereto, appellant filed her answer wherein she alleged that (1) plaintiff had not credited her account with all her payments, (2) many of the items supplied by Sears were defective and had broken, (3) that appellee had charged her twice for some items, and (4) plaintiff had refused to repair the defective refrigerator and range. Defendant-appellant also counterclaimed to recover as a setoff damages for holes left by Sears when Sears' employees attempted to install air-conditioning in defendant's business premises pursuant to another contract entered into in 1969 and, as a result thereof, defendant had to expend extra money to have the installation completed. The cause proceeded to a non-jury trial at the conclusion of which the trial judge entered final judgment in favor of the plaintiff for the sum of $3,581.90 and awarded the defendant a setoff in the sum of $91.95. Defendant Ms. Rylander appeals therefrom.
Defendant-appellant first argues that the trial judge erred in construing the May 4, 1968 contract between the parties to provide that the term "install new wiring" meant only the new wiring required to install the appliances purchased under the contract rather than all new wiring in the upstairs apartment in addition to the wiring necessary to install the appliances. We cannot agree.
In construing a contract, the intention of the parties is ascertained from the language used in the instrument and the objects to be accomplished and unless clearly erroneous, the construction placed upon a contract by the trial judge should be affirmed. Clark v. Clark, Fla. 1955, 79 So.2d 426; Hall v. Hall, Fla.App. 1961, 135 So.2d 432; Trail Burger King, Inc. v. Burger King of Miami, Inc., Fla.App. 1966, 187 So.2d 55. After a close examination of the subject contract, we conclude that the trial judge's construction thereof was correct. Further, the appellant having failed to complain of plaintiff's inadequate performance of the May 1968 contract until the filing of the instant action almost four years later, we conclude that defendant-appellant's conduct constituted a waiver of her right of action for damages as alleged in her counterclaim. See 7 Fla.Jur. Contracts §§ 140, 141, 142 (1956).
We also considered appellant's remaining points on appeal and have determined that the trial judge's holdings on these points resulted in no abuse of discretion, as contended by the appellant, and further were correct as a matter of law.
Accordingly, the judgment herein appealed is affirmed.
Affirmed.