900 So.2d 727 (2005)
CRESTON AVIATION, INC., Appellant,
v.
TEXTRON FINANCIAL CORPORATION, a Delaware corporation, Appellee.
No. 4D04-2178.
District Court of Appeal of Florida, Fourth District.
April 27, 2005.
*728 Bruce David Green of Bruce David Green, P.A., Fort Lauderdale, for appellant.
Donald R. Andersen of Stites & Harbison, PLLC, Atlanta, Georgia, for appellee.
STEVENSON, J.
This is an appeal from an order of final summary judgment, which determined that a mechanic's lien on an airplane was invalid. Because the lien was not properly filed according to Florida law, we affirm. Likewise, we affirm the related order granting attorney's fees.
The primary question in this case is whether the requirement in section 329.51, Florida Statutes (2004), that a lienor must file a verified notice of lien for repairs to an airplane in the county where the airplane was located at the time the services were last furnished is preempted by federal law, which requires that notice of mechanic's liens on aircraft located in the United States be filed with the FAA. We agree with the trial court that there is no preemption.
In the instant case, the aircraft in question was owned by Tack I, Inc., with appellee Textron Financial Corporation holding a security interest. After Tack I defaulted under the security agreement, it released the aircraft back to Textron. At the time of the release, the aircraft was in the *729 physical possession of appellant, Creston Aviation, Inc., which claimed a lien on the aircraft for services under Florida Statutes sections 329.01 and 329.51. Textron then filed a petition for writ of replevin pursuant to Florida Statutes section 78.068 and sought attorney's fees against Creston under section 713.76(2), maintaining that Creston's lien had been wrongfully filed.[1] Creston released the aircraft to Textron after Textron posted a pre-judgment replevin bond in accordance with section 78.068(3). Creston then responded with a counterclaim and third party complaint in which it sued Tack I for the unpaid balance for fuel and maintenance services provided to the aircraft and sought to foreclose against Tack I and Textron a claim of lien, which it filed with the Federal Aviation Administration pursuant to Florida Statutes sections 329.01 and 329.51. Along with the complaint, Creston filed a Notice of Lis Pendens.
By way of summary judgment, the trial court found that Creston's lien was not enforceable because Creston did not comply with section 329.51, which provides that notice of any lien claimed on an aircraft under section 713.58 must be filed in the county where the aircraft was located at the time the labor, services, fuel or materials was last furnished. In this case, the repairs were done in Broward County. Creston argues that the trial court erred in finding the lien invalid because Creston had filed a notice of lien with the Federal Aviation Administration's Aircraft registry in Oklahoma City and that compliance with this federal regulation preempted any state law requirements. We disagree that there was federal preemption here.
Pursuant to the Federal Aviation Act of 1958, the FAA maintains an office in Oklahoma City for the registration of all ownership documents pertaining to any civil aircraft bought or sold within the United States and for the recording of any security interests, or other liens which purport to affect the title to any such aircraft. See 49 U.S.C. § 44107(a)-(b)(2000). Creston argues that it is this set of requirements which preempt Florida law on the subject of the validity and enforceability of any notice of mechanics liens in regard to an aircraft. The federal authorities indicate that the preemption engendered by these rules is not as expansive as Creston suggests.
Until a lien or other interest affecting title in a civil aircraft is recorded in the federal registry, it is valid only against those with actual notice and that person's heirs and devisees. See 49 U.S.C. § 44108(a)(2000). After the lien is filed with the federal registry, it is valid against all persons. See 49 U.S.C. § 44108(b)(2000). The purpose of the recording provisions was to create a central clearing house for recordation of title and liens affecting civil aircraft in the United States so that a person would know where to find ready access to this type of information. See Aircraft Trading & Servs., Inc. v. Braniff, Inc., 819 F.2d 1227 (2d Cir.1987).
In In re Holiday Airlines Corp., 620 F.2d 731 (9th Cir.1980), the court determined that artisans liens are within the ambit of the Federal Aviation Act recording statute. In Holiday, the court stated quite explicitly that:

*730 The provisions of the Federal Aviation Act preempt State law insofar as they relate to the priority of liens. State Securities Co. v. Aviation Enterprises, Inc., 355 F.2d 225 (10th Cir.1966); Pope v. National Aero Finance Co., Inc., 236 Cal.App.2d 722, 46 Cal.Rptr. 233 (1965). But matters touching on the validity of liens are determined by underlying State law. See 49 U.S.C. [§] 1406; State Securities Co. v. Aviation Enterprises, Inc., supra; Texas National Bank of Houston v. Aufderheide, 235 F.Supp. 599 (E.D.Ark.1964); Aircraft Investment Corp. v. Pezzani & Reid Equipment Co., 205 F.Supp. 80 (E.D.Mich.1962).
Id. at 733.
The Supreme Court of the United States has held that the federal recording statute preempts any state law which would give priority to a claim against an aircraft where that claim was not recorded with the FAA in Oklahoma City, and where the competing claim was recorded with the FAA. See Philko Aviation, Inc. v. Shacket, 462 U.S. 406, 103 S.Ct. 2476, 76 L.Ed.2d 678 (1983). In Philko, a corporation, operated by Roger Smith, sold a new airplane to the Shackets at an airport in Illinois. The Shackets paid the full price, took possession of the aircraft, and expected Smith to take care of all of the paperwork, including the recordation of the original bill of sale with the FAA. Instead of taking care of the paperwork to properly transfer title to the Shackets, Smith purported to sell the same airplane to Philko Aviation, Inc. Smith told Philko that the airplane was in Michigan having some electronic equipment installed. After Smith gave Philko the title documents, Philko's bank recorded them with the FAA.
After Smith's fraud came to light, the Shackets filed an action to determine title to the plane. Philko argued that it had title because the Shackets had never recorded their interest in the airplane with the FAA. The Shackets maintained that, under Illinois state law regarding transfers, they were the rightful owners. Ultimately, the United States Supreme Court held that the requirement that the interest in the aircraft be recorded with the FAA preempted any state law which would allow the Shackets' interests to be superior to that of Philko, which had made the required filing with the FAA:
Any other construction would defeat the primary congressional purpose for enactment of § 503(c) [of the Federal Aviation Act of 1958, now codified at 49 U.S.C. § 44108 (2000)], which was to create "a central clearing house for recordation of titles so that a person, wherever he may be, will know where he can find ready access to the claims against, or liens, or other legal interests in an aircraft." Hearings before the House Comm. on Interstate and Foreign Commerce, 75 Cong., 3d Sess., p. 407 (April 1, 1938)(testimony of F. Fagg, Director of Air Commerce, Dept. of Commerce). Here, state law does not require any documentation whatsoever for a valid transfer of an aircraft to be effected. An oral sale is fully valid against third parties once the buyer takes possession of the plane. If the state law allowing this result were not preempted by § 503(c), then any buyer in possession would have absolutely no need or incentive to record his title with the FAA, and he could refuse to do so with impunity, and thereby prevent the "central clearing house" from providing "ready access" to information about his claim.
462 U.S. at 411, 103 S.Ct. 2476.
A similar interpretation of the scope of preemption of the federal provisions at issue was made in Aircraft Investment *731 Corp. v. Pezzani & Reid Equipment Co., 205 F.Supp. 80 (E.D.Mich.1962). In this diversity action, Aircraft Investment Corporation, a Texas company, sought to foreclose on a chattel mortgage interest it held in an airplane located in Michigan. Initially, Pezzani & Reid Equipment Company ("Pezzani"), a Michigan corporation, contracted to purchase the airplane from Air-O-Fleet, a Michigan retailer of airplanes. Air-O-Fleet ordered the new airplane from the manufacturer and obtained financing from Aircraft Investment Corporation. Air-O-Fleet executed a chattel mortgage on the plane in favor of Aircraft Investment Corporation and was to remit the proceeds of the retail sale of the airplane in payment of the note. One day after Pezzani paid Air-O-Fleet and took possession of the plane, Aircraft Investment Corporation filed its chattel mortgage with the FAA. Air-O-Fleet went bankrupt shortly thereafter and had not paid the note and mortgage. Aircraft Investment Corporation then filed suit to recover the amount due under the mortgage or to recover the airplane from Pezzani, the retail purchaser.
In federal district court, Aircraft Investment Corporation maintained that it was entitled to relief on its mortgage because it recorded its interest with the FAA prior to any recording by Pezzani. In turn, Pezzani argued that it took possession of the airplane prior to Aircraft Investment Corporation recording its interest with the FAA and without having notice of the mortgage. Additionally, Pezzani argued that the purported chattel mortgage was invalid under both Michigan and Texas law for various reasons. In denying Aircraft Investment Corporation's motion for summary judgment on its chattel mortgage foreclosure action, the district court stated:
[Aircraft Investment Corporation] suggests that Congress has pre-empted the entire field of conveyancing of interests in aircraft. This view is erroneous.... Congress has said only that until an instrument purporting to convey an interest in an aircraft is recorded, in accordance with the Act, it is void as to third parties without notice. Upon federal recordation, it is valid without further recording. In providing for the recordation of various instruments pertaining to transactions affecting title or interest in aircraft, Congress has not impaired the existence and effectiveness of state laws creating and defining such instruments. Excepting the recording section of the Federal Aviation Act, the validity of the chattel mortgage here in question must be measured by the appropriate state law.
205 F.Supp. at 82.
It is apparent that the supremacy of the federal regulation requiring recordation of interests in aircraft with the FAA is operative to the extent that if the title or lien interest is not recorded in the FAA Aircraft Registry, then it will not be valid as against third parties without notice, regardless of any state law to the contrary. See Philko, 462 U.S. at 406, 103 S.Ct. 2476; Aero Support Sys., Inc. v. F.D.I.C., 726 F.Supp. 651 (N.D.Tex.1989). Neither the federal statute itself, nor the holding of the United States Supreme Court in Philko supports Creston's argument that the federal requirement that notice of mechanic's liens on aircraft be filed with the FAA precludes the State of Florida from imposing requirements which affect the "enforceability" of those liens in Florida. We have considered the other procedural and substantive arguments advanced by Creston, but find no error. Accordingly, we affirm the order of the trial court finding the lien invalid for failure to comply with state law. In addition, we find no error in the trial court's order granting Textron *732 attorney's fees for its efforts to clear the aircraft of Creston's invalid claim of lien.
AFFIRMED.
GUNTHER and STONE, JJ., concur.
NOTES
[1] Section 713.76 provides in part that:

(2) Whenever a lienee brings an action in the appropriate court with respect to any property which has been wrongfully detained by a lienor in violation of this section, the lienee ... shall be entitled to damages, reasonable court costs, and attorney's fees sustained by the lienee by reason of such wrongful conduct.