941 So.2d 1207 (2006)
GOSSETT & GOSSETT, P.A., Appellant,
v.
Arlene MERVOLION, n/k/a Arlene Flori, Keith Allen Scalf, and Hydraulic Associates, Inc., a Florida corporation, Appellees.
No. 4D05-3835.
District Court of Appeal of Florida, Fourth District.
November 15, 2006.
*1208 Ronald P. Gossett of Gossett & Gossett, P.A., Hollywood, for appellant.
Herbert B. Dell of Herbert B. Dell, Fort Lauderdale, for appellee Arlene Mervolion n/k/a Arlene Flori.
SHAHOOD, J.
This is an appeal by Gossett & Gossett, P.A., from the Final Judgment Enforcing Charging Lien in an amount less than the amount owed by the client/appellee, and denying recovery of contractually incurred attorney's fees. Appellee, Arlene Mervolion n/k/a Arlene Flori ("Flori"), cross-appeals the final judgment. We affirm in part, reverse in part, and remand.
Flori received a demand letter from her live-in boyfriend, Keith Scalf, concerning her mortgage on her Davie home. The letter, written by Scalf's attorney, threatened that he was going to foreclose a second mortgage he held on the house they jointly occupied with their minor daughter unless she paid him a sum certain within ten days. Flori's lawyer, Gossett & Gossett, P.A. ("appellant"), sent a reply stating that Flori would not refinance or pay the claimed amount.
Flori thereafter signed a retainer agreement with appellant. Flori agreed to pay $1,000 down with an additional $4,000 soon after. Flori also agreed to pay appellant $300 per hour for legal services and gave appellant a charging lien on proceeds from the litigation as well as on any and all real property involved in the litigation, to secure payment.
After the retainer agreement was signed, appellant prepared and filed an eight-count petition seeking relief against Scalf and his company, Hydraulic Associates, Inc. Flori later retained alternate counsel and discharged appellant.
*1209 Flori and Scalf proceeded to trial and a final judgment was entered by the trial court. The trial court ruled that the Davie home was jointly owned property which was to be sold. The proceeds from the sale were to be evenly divided after a credit to Flori of her $75,000 special equity and after a credit to Scalf of his $28,000 special equity. The court also reserved jurisdiction over the subject matter of the parties to the case.
A contract for the sale of the Davie home was signed by a buyer on September 20, 2004 for the amount of $625,000. Thereafter, Flori and Scalf sold the Davie home.
After trial, a final judgment enforcing the charging lien was entered in an amount less than that contractually billed, but in an amount determined by the court to be a "reasonable fee." The trial court also denied the request of appellant for attorney's fees incurred in the foreclosure of the lien, and further denied the request of appellant for attorney's fees against Flori and her new attorney under section 57.105, Florida Statutes.
Appellant initially urges that it was error for the trial court to have reviewed the charges to the client and determined that the client owed less than she was billed when she had never previously questioned the charges. We agree.
The court received into evidence testimony that appellant billed a total of 68.4 hours to Flori and that Flori never questioned the statement from appellant. Nevertheless, the court found that appellant "reasonably expended 57.4 hours in prosecuting the underlying action before being replaced."
A charging lien is contractual in nature and is to be based upon the amount agreed with the client, not an amount to be determined by the trial court. Matter of Armando Gerstel, Inc., 43 B.R. 925 (Bankr.S.D.Fla.1984), aff'd in part, rev'd in part on other grounds, 65 B.R. 602 (S.D.Fla.1986); Matter of Innkeepers of New Castle, Inc., 671 F.2d 221 (7th Cir. 1982) (where attorney fee contract specifically stated that the fee was to be fifty percent of any net recovery, it was error to use a "reasonable fee" standard in lieu of the valid fee contract as the basis for determining the extent of the lien). While the trial court recognized these decisions, it "nevertheless has reviewed the statements for legal services received in evidence and" made specific findings of fact in reducing the total number of hours billed from 68.4 hours to 57.4.
Here, the trial court found a reasonable hourly rate of $300 and that appellant reasonably expended 57.4 hours. However, the court's finding of 57.4 hours is a reduction from the 68.4 hours billed by appellant. The court does not explain the appropriateness of this reduction in hours expended.
We reverse as to this issue and remand with directions to the trial court to enter an amended final judgment based on the contractually agreed-to fees.
Appellant next argues the trial court erred in refusing to award appellant fees for the supplemental petition to collect fees owed by appellee.
Appellant argues that the phrase "necessary to institute suit for the collection of fees and advances due to us by you" in the retainer agreement means that the client will be obligated to pay fees to the law firm if the law firm has to take any legal action to collect fees incurred by the client pursuant to the retainer agreement. We agree.
Here, the law firm had to take legal action by filing a supplemental petition to enforce its charging lien; therefore, Flori *1210 was contractually obligated to pay the fees incurred by appellant in bringing the supplemental petition.
The retainer agreement Flori signed provided:
8 Fees for Enforcing this Agreement.
8.1 In the event it is necessary to institute suit for the collection of fees and advances due to us by you, you will pay, in addition to any judgment for such fees and advances, all costs and expenses necessitated thereby, including reasonable attorney's fees for the suit. Furthermore, in the event of any lawsuit as a result of any provision hereof for the interpretation hereof or otherwise or in any way arising out of our relationship as attorney and client, and if we are the prevailing party, then we shall be entitled to collect from you all costs and expenses necessitated by me in such litigation, including reasonable attorney's fees.
The trial court denied appellant fees under this section "because the court construes `necessary to institute suit for the collection of fees' as involving something different than a supplemental action to enforce a charging lien."
The trial court's interpretation of a contract is a matter of law subject to a de novo standard of review. Leisure Resorts, Inc. v. City of W. Palm Beach, 864 So.2d 1163, 1166 (Fla. 4th DCA 2003). In construing a contract, the intention of the parties is ascertained from the language used in the instrument and the object to be accomplished and unless clearly erroneous, the construction placed upon a contract by the trial judge should be affirmed. Rylander v. Sears Roebuck & Co., 302 So.2d 478, 479 (Fla. 3d DCA 1974).
In this case, the language of the contract is clear that by appellant's filing of a supplemental petition to enforce its charging lien, it met the requirement of "necessary to institute suit for the collection of fees and advances due to us by you." Similar language was used in a retainer agreement in Berryer v. Hertz, 522 So.2d 510 (Fla. 3d DCA 1988). In Berryer, the appellate court held that the attorney/defendant in a malpractice action not only could counterclaim for the balance of his fee pursuant to the original retainer agreement, but also was entitled under the agreement to attorney's fees incurred in defending the case and prosecuting the counterclaim. Id. at 511.
We accordingly hold the trial court erred as to this issue by denying appellant attorney's fees for having to bring the supplemental petition. We, therefore, reverse and remand with directions to the trial court to enter an amended final judgment after conducting an evidentiary hearing to determine reasonable attorney's fees for appellant having to bring the supplemental petition.
Appellant's third claim of error is that the trial court erred in refusing to allow it attorney's fees pursuant to section 57.105, Florida Statutes. We affirm the trial court's final judgment as to this issue as well as all issues raised by appellee on cross-appeal without further discussion.
Affirmed in Part; Reversed in Part, and Remanded.
GUNTHER, J., and LEWIS, TERRY P., Associate Judge, concur.