PER CURIAM.
Appellant, the National Indemnity Company of the South (National), appeals from a Final Declaratory Judgment in Favor of the Defendants, Landscape Management Company, Inc. (Landscape) and Ottoniel Deleon (Deleon). The trial court construed the subject National insurance policy in favor of coverage for Landscape and Deleon for personal injury claims brought by Wenceslao Lopez-Martinez (Lopez-Martinez). We affirm the trial court’s final judgment because we conclude that the exclusion provision in the insurance policy is ambiguous and must be construed against National and in favor of Landscape and Deleon.
This action arises out of an injury to Landscape employee Lopez-Martinez, which occurred through the operation of a vehicle owned by Landscape. As a result of the injury, Lopez-Martinez filed a personal injury lawsuit against Deleon, a permanent employee of Landscape who was operating the vehicle at the time of the accident, and Landscape, the employer and owner of the vehicle. National, the insurer of Landscape, filed this action to determine whether the insurance policy provided coverage for Lopez-Martinez’s injuries.
It is undisputed that at the time of the accident, Lopez-Martinez was hired by Landscape to fill a seasonal need for workers during the summer growing season. Mr. Torres, the supervising authority for Landscape, asked his permanent employees to help find seasonal labor, and Lopez-Martinez’s brother-in-law, who was a permanent employee of Landscape, referred Lopez-Martinez to Mr. Torres as a result of that inquiry. After a brief interview, Lopez-Martinez was hired with the explicit understanding that the employment would end in the fall. It is also undisputed that on the day of the accident, Landscape was insured under a Commercial General Liability insurance policy issued by National and that all of the terms of the policy had been complied with by the insured. The sole issue at trial was whether the Employee Exclusion provision in the policy excluded coverage for the injuries to Lopez-Martinez.
The “Exclusions” section of the policy provides as follows:
B. Exclusions
4. Employee Indemnification and Employer’s Liability
“Bodily injury” to:
a. An “employee” of the “insured” arising out of and in the course of:
*363 (1) Employment by the “insured”; or
(2) Performing the duties related to the conduct of the “insured’s” business ...
This exclusion is limited in its application by the definition of “employee” contained in the policy. Section V, paragraph F provides that “employee” includes a “leased worker”, but “employee” does not include a “temporary worker”. Furthermore, the terms “leased worker” and “temporary worker” are defined in the policy as:
“Leased worker” means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. “Leased worker” does not include a “temporary worker”.
“Temporary worker” means a person who is furnished, to you to substitute for a permanent “employee” on leave or to meet seasonal or short-term workload conditions,
(emphasis added). The words “furnished to” are not defined in the policy. Furthermore, the policy does not specify by whom the temporary worker must be furnished to qualify as a “temporary worker” under the policy.
When read as a whole, the exclusion provision provides that if Lopez-Martinez is a “temporary worker,” then he is not an “employee” for purposes of the employee exclusion and, therefore, the National policy provides coverage to Landscape. Because it is undisputed that Lopez-Martinez was hired to meet seasonal or short-term workload conditions, the only issue is whether Lopez-Martinez was “furnished to” Landscape within the meaning of the policy. National argued that in order for Lopez-Martinez to be “furnished to” Landscape, it was necessary that a third party, such as a temporary labor leasing company or other business, be involved in the transaction. However, the trial court rejected this argument, finding that the exclusion language did not, by its plain language, require the use of a temporary employment agency or other business in order for a “temporary worker” to be “furnished,” and that to impose such a requirement would amount to rewriting the terms of the policy. The trial court also found that even if the phrase “furnished to you” might be construed as requiring the involvement of a third party in the transaction, the exclusion was ambiguous, and Florida law requires that ambiguous coverage provisions be construed strictly against the insurer and in favor of the insured. The trial court, construing the policy in favor of coverage for Landscape and Deleon, entered judgment against National.
National appealed, arguing that the temporary worker definition contained in the policy at issue is not ambiguous and that the application of its plain meaning to the undisputed facts of this case clearly established that Lopez-Martinez was not a “temporary worker”. National argues that this is so because Lopez-Martinez was not “furnished to” Landscape by a third-party, such as a temporary labor leasing company or other business, but was interviewed directly by Landscape to obtain employment. The appellees, however, contend that the policy language is ambiguous, and ambiguous coverage provisions are to be construed strictly against the insurer.
The trial court’s interpretation of a contract is a matter of law that is subject to de novo review. Gossett & Gossett, P.A. v. Mervolion, 941 So.2d 1207, 1210 (Fla. 4th DCA 2006). If the policy language is clear and unambiguous, it must be con *364 strued in accordance with the plain language of the policy as bargained for by the parties. Auto-Owners Ins. Co. v. Anderson, 756 So.2d 29, 33 (Fla.2000). However, if the relevant policy language is susceptible to more than one reasonable interpretation, one providing coverage and another limiting coverage, the insurance policy is considered ambiguous. Id. at 34. Ambiguous policy provisions are interpreted liberally in favor of the insured and strictly against the drafter who prepared the policy. Id. Likewise, ambiguous insurance policy exclusions are construed against the drafter and in favor of the insured. Id. In fact, exclusionary clauses are construed even more strictly against the insurer than coverage clauses. Id. The insurance company is held responsible for clearly setting forth what damages are excluded from coverage under the terms of the policy. Fayad v. Clarendon Nat. Ins. Co., 899 So.2d 1082, 1086 (Fla.2005).
Based on National’s contention that the policy requires that the temporary worker be supplied by a third party, such as a temporary labor leasing company or other business, we agree with the trial court’s finding that the phrase “furnished to you” is ambiguous. This language is capable of different meanings, one of which affords liability coverage. For example, because the language of the policy does not explicitly require that the temporary worker be furnished to Landscape by a third party, such as a temporary worker leasing company or other business, a reasonable interpretation is that the worker could be furnished to Landscape by any person or company, including another employee of the employer, as was the case here. Because the policy is silent as to who must furnish the person to Landscape for the person to qualify as a temporary worker, and there are several reasonable interpretations as to who that might be, the policy is ambiguous. That being the case, the ambiguity must be construed against the insurer, and Lopez-Martinez qualifies as a “temporary worker”. Consequently, the exclusion does not apply, and coverage must be provided.
In sum, National failed to explicitly require in its policy that a third party, such as a temporary labor leasing company or other business, furnish the person to Landscape in order for a person to qualify as a “temporary worker” under the insurance policy. Because it is the insurer’s responsibility to clearly set forth what damages are excluded from coverage under the terms of the policy and ambiguous provisions are construed even more strictly against the insurer, we conclude that the trial court did not err in construing the policy in favor of coverage for Landscape and Deleon. The Final Declaratory Judgment is affirmed.

Affirmed.

GUNTHER, HAZOURI, JJ., and METZGER, ELIZABETH A., Associate Judge, concur.