DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, IN TRUST FOR REGISTERED HOLDERS OF FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-FF1,**
Appellant,

v.

**GABINO RODRIGUEZ, MARIA RODRIGUEZ** a/k/a **MARIA T. RODRIGUEZ, DIANA ELIZABETH RODRIGUEZ** a/k/a **DIANA E. RODRIGUEZ, UNKNOWN TENANT 1, UNKNOWN TENANT II, DANIA BEACH HOMES HOMEOWNERS ASSOCIATION, INC., ENTERPRISES LEASING COMPANY** d/b/a **ENTERPRISE RENT A CAR, CARMEL FINANCIAL CORP, AND ANY UNKNOWN HEIRS, DEVISES, GRANTEES, CREDITORS, AND OTHER UNKNOWN PERSONS OR UNKNOWN SPOUSES CLAIMING BY, THROUGH AND UNDER ANY OF THE ABOVE-NAMED DEFENDANTS,**
Appellees.

No. 4D17-3391

[ September 20, 2018 ]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barry J. Stone, Senior Judge; L.T. Case No. 2009-CA-011020.

Allison Morat of Pearson Bitman LLP, Maitland, for appellant.

Samuel D. Lopez of Samuel D. Lopez, P.A., Pembroke Pines, for appellee Gabino Rodriguez.

ARTAU, EDWARD L., Associate Judge.

Appellant, U.S. Bank National Association ("U.S. Bank"), challenges the trial court's order denying its motion requesting the return of the original promissory note and mortgage from the court file after the underlying foreclosure action was dismissed for lack of prosecution. We conclude that the trial court improperly interpreted an agreed order as requiring the original documents to remain in the court file in perpetuity. Accordingly, we reverse the trial court's order and remand for proceedings consistent

with this opinion.

In February 2009, LaSalle Bank brought a foreclosure complaint against appellee, Gabino Rodriguez. In furtherance of its foreclosure complaint, LaSalle submitted the original note and mortgage to the court. After LaSalle's suit was dismissed in May 2011 for lack of prosecution, LaSalle sought to retrieve the note and mortgage from the court. The trial court granted the motion but the borrower filed an emergency motion to set aside the order, arguing that LaSalle's counsel misrepresented facts and failed to give notice to the borrower.

On May 1, 2015, the trial court entered an agreed order vacating the prior order releasing the documents to LaSalle. The agreed order required the original note and mortgage to remain in the court file. In the event that the documents had already been mailed to LaSalle, the order required LaSalle to return the documents to the clerk to be placed back in the court file in their original untampered condition. LaSalle filed another motion to return the original documents, but the court denied the motion.

In October 2016, U.S. Bank was substituted into the case as the party plaintiff. U.S. Bank subsequently sought to retrieve the original loan documents from the court. The borrower argued that the agreed order vacating the prior order granting release of the documents to LaSalle was an agreement between the parties "that the note shall remain in the court file, period, and nothing else," and thus, the court could not rescind the parties' agreement. U.S. Bank countered that the agreed order was not an agreement to keep the original note and mortgage in the court file forever. The trial court agreed with the borrower and denied U.S. Bank's motion.

On appeal, U.S. Bank argues that the agreed order on which the court relied does not qualify as a stipulation or contract for the original note and mortgage to remain in the court file in perpetuity, and that it is unreasonable to conclude that LaSalle contractually obligated itself to leave its valuable commercial paper with the court forever. The borrower maintains that U.S. Bank's right to retrieve the note was contracted away by its predecessor in interest, LaSalle, via the agreed order. We agree with U.S. Bank's argument and disagree with the borrower's argument.

A trial court's interpretation of a contract is reviewed de novo. *Gossett & Gossett, P.A. v. Mervolion*, 941 So. 2d 1207, 1210 (Fla. 4th DCA 2006). "In construing a contract, the intention of the parties is ascertained from the language used in the instrument . . . ." *Id.* (citing *Rylander v. Sears Roebuck & Co.*, 302 So. 2d 478, 479 (Fla. 3d DCA 1974)).

2

The parties do not dispute that U.S. Bank had a right to retrieve the original documents from the court, but disagree about whether that right was contracted away in the agreed order. We find that the only reasonable construction of the language used in the agreed order is that it set aside a prior order granting the release of the documents until further order of the court. Nowhere on the face of the agreed order does it convey that the parties had entered into an agreement to leave the documents with the court in perpetuity.

Notably, this case had been dismissed for lack of prosecution approximately four years prior to the agreed order. No final judgment of foreclosure was ever entered. The agreed order was an interlocutory order addressing an objection based on lack of notice over the post-dismissal retrieval of LaSalle's original documents. Undoubtedly, the court had the inherent authority to revisit this type of interlocutory order at any time prior to final judgment. *See Nationsbank, N.A. v. Ziner*, 726 So. 2d 364, 366 n.1 (Fla. 4th DCA 1999) (interlocutory orders are within the inherent power of the court to set aside or modify).

As this court has previously explained,

> [O]riginal mortgages and promissory notes . . . are not merely exhibits but instruments which *must be surrendered* prior to the issuance of a judgment. The judgment takes the place of the promissory note. Surrendering the note is essential so that it cannot thereafter be negotiated. The judgment cancels the note. The clerk cannot return these instruments to the parties.

*Johnston v. Hudlett,* 32 So. 3d 700, 704 (Fla. 4th DCA 2010) (citation omitted) (emphasis included). Requiring the surrender of the note takes it out of "the stream of commerce, preventing someone else from trying to enforce it against the defendant a second time" after entry of judgment. *Deutsche Bank Nat'l Trust Co. v. Clarke,* 87 So. 3d 58, 62 (Fla. 4th DCA 2012).

Here, no judgment was ever entered cancelling the note and taking it out of the stream of commerce. And although the clerk cannot return these type of instruments once judgment is entered, there is no legal basis to prevent the clerk from returning an original note if it was not cancelled by entry of a judgment. Indeed, it should be returned to the stream of commerce if judgment is not entered in a foreclosure case, as it does not belong to the court and it remains negotiable and valuable to its holder. *See* Fla. R. Jud. Admin. 2.430(f)-(h) (recognizing "power of the court to

3

release exhibits or other parts of court records that are the property of the person or party initially placing the items in the court records," and establishing procedures for return and disposal of original exhibits and other such records).

Moreover, Rule 2.430(c) sets a five-year retention schedule for civil proceedings in circuit court, after which the clerk may destroy or dispose of those court records. Fla. R. Jud. Admin. 2.430(c). In addition, Rule 2.430(f)(2) allows the clerk to destroy or dispose of exhibits in a civil case after 90 days if the parties or attorneys of record do not retrieve them upon 30 days' notice. Fla. R. Jud. Admin. 2.430(f)(2). Under either rule, any party could "apply to the court for an order requiring the clerk to deliver to the applicant the court records" any time before their destruction or disposal, whether or not there had been a prior interlocutory court order or stipulation. Fla. R. Jud. Admin. 2.430(g).

Therefore, the agreed order did not bind the court or its clerk to a perpetual obligation to maintain the original negotiable instruments in the court file after the foreclosure case was disposed of without entry of final judgment. Instead, the agreed order only required the court to hold the original documents until further order of the court could be entered consistent with due process and Florida Rule of Judicial Administration 2.430.

Because we find that the trial court's interpretation of the agreed order was in error and contrary to Rule 2.430, we reverse the order denying U.S. Bank's motion to return the original documents, and remand to the trial court for proceedings consistent with this opinion.

*Reversed and Remanded.*

LEVINE and FORST, JJ., concur.

*    *    *

***Not final until disposition of timely filed motion for rehearing.***