# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-2423
LT Case No. 2005-CA-067305

_____

JOHN H. BALDWIN,

   Appellant,

   v.

DOUGLAS R. BEAM, P.A., and
DOMENICO M. IDONI,

   Appellees.

_____

On appeal from the Circuit Court for Brevard County,
George T. Paulk, Judge.

James D. Henderson and Allan P. Whitehead, of Frese,
Whitehead, Anderson & Henderson, P.A., Melbourne, for
Appellant.

Joseph E. DeLeo, of Watson, Soileau, DeLeo & Burgett, P.A.,
Cocoa, for Appellee, Douglas R. Beam, P.A.

No Appearance for Remaining Appellee.

December 5, 2025

JAY, C.J.

   Baldwin appeals a charging lien judgment that the trial court
entered for Douglas R. Beam, P.A. ("Beam"). Since we agree that
the court erred in calculating the lien amount, we reverse and

remand for the entry of a corrected judgment. We reject Baldwin's other arguments without discussion.

A charging lien is an attorney's equitable right to fees and costs for his or her services in a lawsuit that yielded a judgment or recovery for the client. *Willis v. Nova Cas. Co.*, No. 21-13778, 2023 WL 334567, at *2 (11th Cir. Jan. 20, 2023) (quoting *Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom*, 428 So. 2d 1383, 1384 (Fla. 1983)). It has four elements: (1) a valid contract, express or implied, between attorney and client; (2) their shared understanding that payment depends on recovery; (3) the client's attempt to avoid payment or a dispute over the amount owed; and (4) timely notice of the lien. *Id.* Typically, an appellate court reviews the lien for an abuse of discretion, but when the appeal concerns the interpretation of the contract, review is de novo. *See id.* (quoting *US Acq., LLC v. Tabas, Freedman, Soloff, Miller & Brown, P.A.*, 87 So. 3d 1229, 1234 (Fla. 4th DCA 2012)).

Because a charging lien "*enforces a contract* between the attorney and client," *id.*, it must be consistent with the terms of that contract. *State v. Am. Tobacco Co.*, 723 So. 2d 263, 268 (Fla. 1998). It cannot contradict "the provisions" of the agreement. *Id.* Thus, the lien must "be based on the amount agreed with the client, not an amount to be determined by the trial court." *Willis*, 2023 WL 334567 at *2 (quoting *Gossett & Gossett, P.A. v. Mervolion*, 941 So. 2d 1207, 1209 (Fla. 4th DCA 2006)); *cf. Rosenthal, Levy & Simon, P.A. v. Scott*, 17 So. 3d 872, 874 (Fla. 1st DCA 2009) ("A charging lien differs in nature from a claim for attorney's fees.").

Here, the court used a fee judgment previously entered against an opposing party as the "starting point" for calculating the amount of the lien. But that fee judgment was based on the court's findings about the reasonable hourly rate for each lawyer and paralegal who worked on the case. *See generally Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985). For example, the fee judgment provides that $600 is a reasonable hourly rate for Beam's services. However, at the charging lien hearing, Beam conceded that neither his written retainer agreement nor billing records reflect a $600 rate. While the court reasoned that Baldwin agreed "to the hourly rates, amount of time and total attorney's

2

fees," this overstates Baldwin's testimony. Baldwin never endorsed a $600 hourly rate or the total fee award.

In sum, there was no basis for the court to anchor the amount of the charging lien to the fee judgment entered earlier in the case, which arose from judicial reasonableness findings—not the contract between Baldwin and Beam. By relying on the fee judgment instead of the contract, the court committed reversible error. *See Flynn v. Sarasota Cnty. Pub. Hosp. Bd.*, 169 F. Supp. 2d 1363, 1370 (M.D. Fla. 2001) ("[I]t follows that there can be no charging lien for additional fees as Florida law clearly holds that there can be no award of fees . . . in excess of the contract rate."); *In re Hanson Dredging, Inc.*, 15 B.R. 79, 83 (Bankr. S.D. Fla. 1981) (concluding that a lawyer's charging lien must be based on his agreement with the client, not the amount of fees awarded to him by the court). On remand, the court must determine what Baldwin owes Beam under their contract, not the earlier fee judgment. *See Willis*, 2023 WL 334567 at *2; *Am. Tobacco Co.*, 723 So. 2d at 268. The court may consider if this task requires taking additional evidence.

REVERSED and REMANDED with instructions.

MAKAR and LAMBERT, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————