691 So.2d 579 (1997)
Nick SCHIMPF, Appellant,
v.
Mathias REGER and Rosa Reger, Appellees.
No. 96-03001.
District Court of Appeal of Florida, Second District.
April 11, 1997.
John J. Waskom of Icard, Merrill, Cullis, Timm, Furen & Ginsberg, Sarasota; and James E. Culhane and James M. Jorissen of Davis & Kuelthau, S.C., Milwaukee, WI, for Appellant.
Michael A. Moran of Joy & Moran, Sarasota, for Appellees.
SCHOONOVER, Judge.
The appellant, Nick Schimpf, challenges a final judgment entered pursuant to a jury verdict rendered in favor of the appellees, Mathias Reger and Rosa Reger. We affirm in part and reverse in part.
In this breach of contract action, the jury returned a verdict finding that the parties had entered into a valid contract and that Mr. Schimpf had breached the contract. The jury returned a special verdict finding that the Regers had sustained damages in the total amount of $189,594. The total damages included an award of $32,760 for what was labeled, "Return on principal due and unpaid." After Mr. Schimpf's "motion for judgment in accordance with a motion for directed *580 verdict" and his motion for new trial and/or remittitur were denied, he filed a timely notice of appeal from the final judgment.
Although Mr. Schimpf has raised several points on appeal, we find merit only in his contention that the portion of the verdict awarding the Regers $32,760 for "Return on principal due and unpaid" was not supported by the evidence presented to the jury. We affirm, without discussion, the judgment in all other respects.
Although difficulty in proving damages or uncertainty as to the amount will not prevent recovery as long as there is sufficient evidence to satisfy the mind of a prudent, impartial person as to the amount, there must be a reasonable basis in the evidence for the amount awarded. Smith v. Austin Dev. Co., 538 So.2d 128 (Fla. 2d DCA 1989); Forest's Mens Shop v. Schmidt, 536 So.2d 334 (Fla. 4th DCA 1988). In this case, that basis does not exist for a portion of the award.
It is incumbent upon the party seeking damages to present evidence to justify an award of damages in a definite amount, and the Regers did not do so. Although there was sufficient evidence to support that portion of the verdict awarding the Regers $156,834, the record does not support the additional $32,760 award. Damages cannot be based upon speculation or guesswork, such as that which has been advanced to us, but must have some reasonable basis in fact. Smith, 538 So.2d at 129. That basis was not established in the record in this case, and the trial court erred by not striking the $32,760 award.
We, accordingly, remand with instructions to enter an amended final judgment omitting the $32,760 award. As mentioned above, we affirm in all other respects.
Affirmed in part, reversed in part, and remanded with instructions.
THREADGILL, C.J., and CAMPBELL, J., concur.