EVANDER, J.
 

 Appellants (hereinafter collectively referred to as “Sea World”) were sued by Robert DuFault for personal injuries suf
 
 *159
 
 fered by him while performing certain repair work on Sea World’s premises. Sea World ultimately settled DuFault’s claim and then brought an action for contractual indemnity against appellees (hereinafter collectively referred to as “Hobart”). The jury determined that Hobart was solely responsible for DuFault’s injuries and that Sea World was entitled to be reimbursed by Hobart for the settlement payment made to DuFault ($85,000), as well as the amount expended for attorney’s fees and costs in defending against DuFault’s claim ($181,000). However, the trial court set aside the jury’s award for attorney’s fees because Sea World did not present
 
 independent
 
 expert testimony establishing the reasonableness of the fees expended in defending against DuFault’s claim. We hold that Sea World was not required to present independent expert testimony on this issue and, accordingly, reverse and remand with instructions for the trial court to reinstate the jury’s verdict.
 
 [1]
 

 Sea World and Hobart had entered into a written agreement whereby Hobart agreed to perform certain commercial kitchen repairs for Sea World. Pursuant to the contract, Hobart further agreed to indemnify and hold Sea World harmless from any and all “loss” to the extent caused or incurred as the result of the negligence or other actionable fault of Hobart’s employees.
 
 [2]
 
 Loss was defined in the contract to mean:
 

 [A]ny and all loss, damage, liability, or expenses, whether incurred as a judgment,
 
 settlement,
 
 penalty, fine or otherwise (including
 
 attorney’s fees and the costs of
 
 defense) in connection with any action, proceeding, or claim,
 
 whether real or spurious,
 
 for injury, including death to any person or persons or damage to, loss of the use of, or loss of the property of any person, firm, or corporation, including the parties hereto, arising or resulting out of the performance of services required pursuant to this Contract.
 

 (Emphasis added). Here, the jury’s determination that Sea World suffered a loss due to the negligence of a Hobart employee during the performance of the contract was supported by substantial competent evidence.
 

 In support of its damage claim, Sea World presented the testimony of Mark Thompson, the attorney having primary responsibility for representing Sea World in the lawsuit filed by DuFault. Thompson detailed the work his firm performed on behalf of Sea World, the reasons for the work, and the basis for the fees. Thompson’s firm’s legal bills and invoices were also introduced into evidence. However, Sea World failed to call an independent attorney’s fees expert to “corroborate” the reasonableness of Thompson’s firm’s fees. Relying on
 
 Seitlin & Co. v. Phoenix Ins. Co.,
 
 650 So.2d 624 (Fla. 3d DCA 1994), the trial court found this lack of evidence to be fatal to Sea World’s claim for attorney’s fees incurred in the underlying DuFault lawsuit.
 

 In
 
 Seitlin,
 
 Phoenix Insurance Company had wrongfully refused to defend its insured, Brad Schandler, on a negligence claim brought against Schandler by Howard Silber. Schandler hired counsel and ultimately, after a jury trial, resolved Sil-ber’s claim. Schandler then brought an action against Phoenix Insurance Company seeking,
 
 inter alia,
 
 to recover the attor-
 
 *160
 
 nejfs fees he had incurred in defending the action brought by Silber.
 

 At trial, Schandler testified that he had incurred approximately $29,000 in attorney’s fees in the prior case, and introduced into evidence the invoices reflecting this amount. The jury returned a zero verdict and Schandler moved for a new trial, contending that the verdict was contrary to the manifest weight of the evidence. In response, Phoenix Insurance Company argued that Schandler’s attorney’s fees case was fatally deficient because Schandler failed to call an attorney’s fees expert at trial.
 

 The trial court denied Schandler’s motion for new trial and the Third District Court of Appeal affirmed on this issue. In doing so, the court concluded that “expert testimony was necessary to support the claim for attorney’s fees.”
 
 Id.
 
 at 627. It is not clear from the opinion whether the expert testimony requirement imposed by the
 
 Seitlin
 
 court would have been satisfied by testimony from Schandler’s prior counsel, or if the Third District Court of Appeal would have also required testimony from an independent attorney’s fees expert.
 

 In the instant case, Sea World prevailed on its contractual indemnity claim against Hobart. Pursuant to the terms of the contract, Sea World was entitled to recover the reasonable attorney’s fees incurred in the defense of DuFault’s lawsuit.
 
 Camp, Dresser & McKee, Inc. v. Paul N. Howard Co.,
 
 853 So.2d 1072 (Fla. 5th DCA 2003). Thus, this case involves a situation where Sea World was seeking to recover previously incurred attorney’s fees as an element of damages in a breach of contract action. As such, Sea World’s burden of proof was that which is required in a breach of contract action — the presentation of evidence “sufficient to satisfy the mind of a prudent, impartial person” as to the amount of awardable damages.
 
 Schimpf v. Reger,
 
 691 So.2d 579, 580 (Fla. 2d DCA 1997). That is, there must be a reasonable basis in the evidence for the amount awarded.
 
 Id.
 
 Here, Thompson’s testimony satisfied those requirements. Although Sea World was entitled to call an independent expert witness to corroborate the reasonableness of Thompson’s fees, it was not required to do so.
 

 We also note that if a claimant is seeking to recover, as damages, fees paid to a physician, engineer, architect, or other professional, there is no requirement to present “corroborating” testimony from an independent expert. Indeed, our supreme court has held that there is no requirement for expert testimony (independent or otherwise) to support an award of physician’s fees where the doctor’s bill and the plaintiffs testimony made it a question for the jury to determine whether the bills represented reasonable and necessary medical expenses.
 
 Garrett v. Morris, Kirschman & Co., Inc.,
 
 336 So.2d 566, 571 (Fla.1976);
 
 see also East West Karate Ass’n. Inc. v. Riquelme,
 
 638 So.2d 604 (Fla. 4th DCA 1994) (although plaintiff had burden at trial to prove reasonableness and necessity of medical expenses, expert testimony not required). We see no reason to impose a higher standard of proof simply because the professional fees sought to be recovered are those of an attorney. To the extent our decision may conflict with
 
 Seit-lin,
 
 we certify conflict.
 

 We recognize that where a party seeks to have the opposing party in a lawsuit pay for attorney’s fees incurred in that
 
 same
 
 action, the general rule in Florida is that independent expert testimony is required.
 
 See, e.g., Crittenden Orange Blossom Fruit v. Stone,
 
 514 So.2d 351, 352-53 (Fla.1987);
 
 Brake v. Murphy,
 
 736 So.2d 745, 747 (Fla. 3d DCA 1999);
 
 Mark
 
 
 *161
 

 ham v. Markham,
 
 485 So.2d 1299, 1301 n. 8 (Fla. 5th DCA 1986);
 
 Mullane v. Lorenz,
 
 372 So.2d 168 (Fla. 4th DCA 1979). However, these cases are distinguishable because they do not involve a situation where a party is seeking to recover previously incurred attorney’s fees as an element of damages in a breach of contract action. Rather, those cases involve the application of an exception to the general rule that a party to a civil action should be responsible for the payment of his or her own attorney’s fees.
 
 Dade County v. Pena,
 
 664 So.2d 959, 960 (Fla.1995) (Florida follows “American Rule” that attorney’s fees may only be awarded by court pursuant to entitling statute or parties’ agreement). In these type cases, the judiciary has imposed the additional requirement of corroborative testimony from independent experts because:
 

 Implicit in the rule that an attorney’s fee must always be proved through the presentation of testimony is that such a requirement is necessary to maintain the image of lawyers in the eyes of the public.
 

 Lafferty v. Lafferty,
 
 413 So.2d 170, 171 (Fla. 2d DCA 1982).
 

 Although not necessary to the resolution of the instant case, we join the Fourth District Court of Appeal in questioning the continued need for this judicially-created rule.
 
 Island Hoppers Ltd. v. Keith,
 
 820 So.2d 967, 977 (Fla. 4th DCA 2002),
 
 rev. on other grounds, Sarkis v. Allstate,
 
 863 So.2d 210 (Fla.2003) (Gross, J., concurring specially) (“Though Florida Courts have long required the corroborative testimony of an expert ‘fees witness,’ we question whether the rule is always the best, or more judicious practice.”)
 
 [3]
 
 It is speculation as to whether the application of this rule has helped to “maintain the image of lawyers in the eyes of the public.” It is not speculation that claimants expend time and money to retain fee experts, even in those cases where their testimony is likely to be of little or no assistance. As observed by some commentators, expert testimony in fees cases “is often nothing more than a rubber stamp of the billing and time records submitted to the court by the party seeking fees,-” Robert J. Hauser, Raymond E. Kramer III, & Patricia A. Leonard,
 
 Is Expert Testimony Really Needed in Attorney’s Fees Litigation?
 
 Island Hoppers’
 
 Call for Change and Other Ways to Reduce the Burdens of Fees Hearings,
 
 Fla. B. J., Jan. 2003, at 38, 40.
 

 AFFIRMED, in part; REVERSED, in part; REMANDED.
 

 ORFINGER and LAWSON, JJ„ concur.
 

 [1]
 

 . We find the issues raised on the cross-appeal to be without merit. We also affirm the trial court's amended supplemental final judgment without discussion.
 

 [2]
 

 . Sea World gave separate consideration for this indemnification provision.
 

 [3]
 

 . We also agree with Judge Gross’ conclusion that this rule rests on shaky theoretical grounds.
 
 Island Hoppers Ltd. v. Keith,
 
 820 So.2d 967, 976-977 (Fla. 4th DCA 2002) (Gross, J., concurring specially). In Florida, it appears that the rule requiring corroborative expert witness testimony on attorney's fees originated in
 
 Lyle v. Lyle,
 
 167 So.2d 256 (Fla. 2d DCA 1964),
 
 receded from, Lafferty v. Lafferty,
 
 413 So.2d 170 (Fla. 2d DCA 1982). There, the court stated that the self-serving nature of the testimony given by the attorney who performs services precludes the court from making an award based solely on his testimony. However, evidence that is otherwise admissible is not prohibited because it is “self-serving.” Rather, the trier of fact simply takes into consideration the self-serving nature of the testimony in determining the weight that it should be given.