MAY, J.
 

 The long-standing requirement of independent expert witness testimony to support a claim for attorney’s fees is challenged in this appeal. The law firm appeals an order denying its motion for attorney’s fees based on a charging hen. It argues that independent expert witness testimony is unnecessary in the enforcement of a charging lien against a client. We find no error in the trial court’s ruling and affirm. We do however find merit in the law firm’s argument and therefore certify the question.
 

 The client entered into a retainer agreement for representation in a dissolution of marriage proceeding. The agreement provided for an initial non-refundable retainer, an hourly rate for attorney and paralegal time, and a lien for monies due under the agreement. The agreement also required the client to notify the firm in writing within thirty days if there was an objection to the fees charged.
 

 
 *481
 
 The client paid $48,268 of the total billed, leaving a balance of $57,785.28. The client did not object in writing to the fees charged. In the dissolution action, the firm filed a Notice of Charging Lien, a Corrected Motion for Entry of Final Judgment Adjudicating Charging Lien and for Entry of a Money Judgment, and a Motion to Withdraw. The trial court granted the Motion to Withdraw on October 21, 2009, held a final hearing of the dissolution on December 15 and 17, 2009, and heard the law firm’s attorney’s fees motion four days later.
 

 At the December 21st hearing, the responsible attorney testified to the firm’s engagement and the client’s failure to object to the bills in writing as provided for in the retainer agreement. In addition, the court received into evidence the retainer agreement, the complete billing histoiy, and the Notice of Charging Lien. The court denied the firm’s motion based upon its failure to call an independent expert witness to testify concerning the reasonableness of the fees.
 

 The firm appeals the order denying fees and argues the court erred in requiring independent expert witness testimony.
 
 [1]
 
 We review trial court orders on attorney’s fees for an abuse of discretion.
 
 Glantz & Glantz, P.A. v. Chinchilla,
 
 17 So.3d 711, 713 (Fla. 4th DCA 2009). We have
 
 de novo
 
 review however of the trial court’s interpretation of law.
 
 G.S. v. T.B.,
 
 985 So.2d 978, 982 (Fla.2008).
 

 In
 
 Rosenberg v. Levin,
 
 409 So.2d 1016 (Fla.1982), our Supreme Court held “that an attorney employed under a valid contract who is discharged without cause before the contingency has occurred or before the client’s matters have concluded can recover only the reasonable value of his services rendered prior to discharge, limited by the maximum contract fee.”
 
 Id.
 
 at 1021.
 
 Rosenberg
 
 clarified that
 
 quantum meruit
 
 limited by the contract, dictated the proper measure of fees when the attorney is discharged before the end of the case. Yet, here, the client did not discharge the attorney, the attorney withdrew.
 

 Generally, “where a party seeks to have the opposing party in a lawsuit pay for attorney’s fees incurred ... independent expert testimony is required.”
 
 Sea World of Fla., Inc. v. Ace Am. Ins. Cos., Inc.,
 
 28 So.3d 158, 160 (Fla. 5th DCA 2010),
 
 review granted,
 
 36 So.3d 83, 2010 WL 2383319 (Fla.2010) (expert witness testimony is unnecessary in litigation over fees incurred to defend breach of contract action). And, case law throughout this state has adhered to the requirement of an independent expert witness to establish the reasonableness of fees, regardless of whether a first or third party is responsible for payment.
 
 Sourcetrack, LLC v. Ariba, Inc.,
 
 34 So.3d 766 (Fla. 2d DCA 2010).
 

 We have, however, previously questioned the judicially-created requirement of independent expert witness testimony in establishing the reasonableness of attorney’s fees.
 
 See Island Hoppers, Ltd. v. Keith,
 
 820 So.2d 967, 972 (Fla. 4th DCA 2002),
 
 reversed on other grounds by Sarkis v. Allstate Ins. Co.,
 
 863 So.2d 210 (Fla.2003);
 
 see also
 
 Robert J. Hauser et al.,
 
 Is Expert Testimony Really Needed in Attorneys’ Fee Litigation,
 
 77 Fla. Bar J. 38 (Jan. 2003). Nevertheless it remains etched in our case law. This is because attorneys have an ethical duty, pursuant to
 
 *482
 
 the Florida Rules Regulating the Florida Bar, to charge fair and reasonable fees, regardless of the terms of the fee agreement.
 
 See Elser v. Law Offices of James M. Russ, P.A.,
 
 679 So.2d 309, 312-13 (Fla. 5th DCA 1996). “The establishment of a reasonable fee for an attorney’s service is not simply the number of hours times the hourly rate.”
 
 Schwartz, Gold & Cohen, P.A. v. Streicher,
 
 549 So.2d 1044, 1046 (Fla. 4th DCA 1989). While the reasonableness of fees charged is, and should remain, an important consideration, it is a factor that may not mandate an expert independent of the litigating attorneys and the trial judge.
 

 Here, the firm sought fees through enforcement of a charging lien. While the firm provided billing records showing the number of hours expended, and the retainer agreement establishing the rate charged, it did not provide independent expert testimony that either the rate or the hours expended were reasonably necessary. This led the trial court to deny the law firm’s motion. As did the trial court, we find the result was dictated by existing case law.
 

 Even so, the facts of this case provide the perfect context in which to again question the validity of requiring an independent expert witness to establish the reasonableness of attorney’s fees charged, especially when the dispute is between a law firm and its client. Here, the lawyer was not discharged by the client. Rather, the client refused to pay the agreed upon fee without objecting in writing in thirty days, which the retainer agreement required. When the lawyer sought to enforce its agreement through proper, recognized means, it was confronted with a requirement that seems to have long outlasted its usefulness.
 

 We live in a litigation era where contractual and statutory fees are commonplace and no longer the exception. Indeed, attorney’s fees seem to drive some litigation where the underlying dispute pales in comparison to the potential of a fee award. Trial judges are daily confronted with requests for attorney’s fees. They are aware of the going rates in their communities for lawyer’s services, and whether the time expended is reasonable. Eliminating the need for an independent expert witness does not eliminate the requirement of reasonableness. Lawyers and parties can still argue about the reasonableness of the rate charged and the time expended.
 

 There is little reason to simply increase litigation costs by requiring another lawyer to testify as an expert. After all, each party usually chooses a lawyer friend, who will willingly testify that the rate and time expended are either reasonable or unreasonable. The trial court is ultimately left to decide the reasonableness of the rate charged and time expended, and then to tax the cost of the expert witness against the losing party.
 

 We therefore reluctantly affirm, but certify the following question to the Supreme Court of Florida as a matter of great public importance.
 

 Is expert witness testimony necessary to establish attorney’s fees due under a charging lien against a client, who has entered into a retainer agreement that requires all fee disputes to be made in writing within thirty days of the bill’s receipt and has failed to object?
 

 Affirmed.
 

 WARNER and TAYLOR, JJ., concur.
 

 [1]
 

 . The firm relies on
 
 Franklin & Marbin, P.A. v. Mascola,
 
 711 So.2d 46 (Fla. 4th DCA 1998) and
 
 Gossett & Gossett, P.A. v. Mervolion,
 
 941 So.2d 1207 (Fla. 4th DCA 2006). However, neither case truly supports its argument because an expert witness testified in
 
 Franklin
 
 and it is unclear whether an expert testified in
 
 Gossett.