ON MOTION FOR REHEARING
TAYLOR, J.
We grant appellees’ motion for rehearing and motion for certification, withdraw our prior opinion, and substitute the following in its place.
Mayan Schwartz, the plaintiff in a lawsuit alleging legal malpractice and breach of fiduciary duty, appeals a final judgment entered in favor of the defendants, attorney Stuart Bloch and the law firm of Bloch, Minerley & Fein, P.L. We affirm as to all issues, except the issue concerning the trial court’s striking of the jury’s award of attorney’s fees or costs. We conclude that because plaintiff was seeking attorney’s fees and costs as an element of “wrongful act” damages, plaintiff was not required to present independent expert testimony as to the reasonableness of the attorney’s fees. We therefore reverse the trial court’s order setting aside the jury verdict of $250,000 for attorney’s fees or costs.
The salient background facts are as follows. In 2004, plaintiff consulted Bloch and his firm for asset protection advice in light of his forthcoming marriage to his current wife. Bloch discussed with plaintiff the possibility of obtaining a prenuptial agreement and fully disclosing all assets prior to executing such an agreement. Plaintiff informed Bloch, however, that a prenuptial agreement was not a viable option. Bloch then advised plaintiff that the most effective alternative would be for plaintiff to assign his interests in family businesses to other members of his family so as not to own those assets during the marriage.
Plaintiff followed this advice, and on September 23, 2004, he assigned his interests in the following six entities to his father, Israel Schwartz: (1) Focus Invests *1070 ments; (2) Focus Atlantic North; (3) Focus Atlantic South; (4) DBS Distributors; (5) AH-SO; and (6) plaintiffs interests in the AH-SO v. Southeast Toyota Distributors lawsuit. After executing these assignments, plaintiff got married in December 2004.
On January 4, 2006, Israel wrote a letter to plaintiff, purporting to remove plaintiffs authority to run DBS Distributors. The letter further stated that plaintiff had been “removed from the bank accounts” and was “not authorized to sign checks on behalf of the company.” Shortly thereafter, one of plaintiffs brothers told plaintiff that he would no longer have access to the bank accounts of the family businesses.
After a business feud with his father, plaintiff hired attorney Andrew Seiden and filed suit against several members of his family, his former accountant, several of the Schwartz family business entities, and his former attorneys in the law firm of Bloch, Minerly, & Fein. Plaintiffs claims against his family and his accountant settled in July 2007, but plaintiffs legal malpractice action against Bloch and his law firm remained pending.
At trial on the legal malpractice claims, plaintiff presented expert testimony that the defendants breached duties owed to plaintiff by advising him to assign his assets to his father for no consideration, ■without advising him of other family members’ adverse interests. Plaintiff sought “wrongful act” damages for the attorney’s fees and costs he incurred in prosecuting the claims against his family and his former accountant. Seiden testified to the fees and costs he charged in prosecuting plaintiffs claims, as well as in defending a counter-claim and third-party claim. He explained that the claims all arose from a common nucleus of facts. However, plaintiff did not present any independent expert testimony as to the reasonableness of the attorney’s fees.
Plaintiff also sought damages for harm to his interests in the following entities: 1) West Boca Painting; 2) Focus Investments; 3) Focus Atlantic North; 4) Focus Atlantic South; 5) DBS Distributors; 6) AH-SO Auto Parts; 7) Collision Concepts; 8) Collision Concepts of South Florida; 9) CC Partnership; 10) the Refuge, a Healing Place; 11) Sanctuary at Delray Beach; and 12) the Regatta Condominiums. Although plaintiff sought damages relative to twelve entities, there were only six assignments executed in September 2004.
The jury returned a verdict finding in favor of plaintiff with respect to Focus Atlantic North, Focus Atlantic South, DBS Distributors, and AH-SO, but finding in favor of the defendants as to all other entities. The jury awarded $125,000 in damages for each of the four entities, for a total of $500,000. Additionally, the jury awarded $250,000 as reasonable and necessary attorney’s fees, costs or expenses recoverable under the wrongful act doctrine.
The defendants filed post-trial motions for set-off, judgment in accordance with their earlier motions for directed verdict, and judgment notwithstanding the verdict. These motions argued, among other things, that 1) plaintiff failed to present expert testimony as to the reasonableness of his attorney’s fees, and 2) plaintiff failed to properly prove his damages with respect to the loss of his business interests. The trial court granted relief on these two grounds, vacated the damages awards, and entered final judgment in favor of the defendants. The trial court found that the other grounds in the defendants’ post-trial motions were moot and did not address them. Plaintiff appealed.
We reverse only as to that portion of the trial court’s post-trial order that set aside the jury’s award of $250,000 in *1071 attorney’s fees or costs because of plaintiffs failure to present independent expert testimony to establish the reasonableness of the attorney’s fees expended in representing plaintiff. We hold that such independent expert testimony was not required for fees which plaintiff incurred in the litigation with his family and sought as an element of his compensatory damages under the wrongful act doctrine.
The wrongful act doctrine provides that where “the wrongful act of the defendant has involved the claimant in litigation with others, and has placed the claimant in such relation with others as makes it necessary to incur expenses to protect its interests, such costs and expenses, including reasonable attorney’s fees upon appropriate proof, may be recovered as an element of damages.” Martha A. Gottfried, Inc. v. Amster, 511 So.2d 595, 598 (Fla. 4th DCA 1987) (internal quotation omitted). This is an exception to the rule that attorney’s fees are not recoverable in the absence of a statute, contract, or rule authorizing such an award. Id.
Florida courts have recognized that “where a party seeks to have the opposing party in a lawsuit pay for attorney’s fees incurred in that same action, the general rule in Florida is that independent expert testimony is required.” Sea World of Fla., Inc. v. Ace Am. Ins. Cos., 28 So.3d 158, 160 (Fla. 5th DCA 2010). Likewise, “case law throughout this state has adhered to the requirement of an independent expert witness to establish the reasonableness of fees, regardless of whether a first or third party is responsible for payment.” Robin Roshkind, P.A. v. Machiela, 45 So.3d 480, 481 (Fla. 4th DCA 2010).
In Roshkind, we explained that the judicially-created requirement of independent expert witness testimony in establishing the reasonableness of attorney’s fees “remains etched in our case law” because attorneys have an ethical duty to charge reasonable fees regardless of the terms of the fee agreement. 45 So.3d at 482. We stated: ‘While the reasonableness of fees charged is, and should remain, an important consideration, it is a factor that may not mandate an expert independent of the litigating attorneys and the trial judge.” Id. Thus, while we questioned the continued need for this judicially-created rule, we “reluctantly” affirmed the trial court’s holding that expert testimony was required to establish the reasonableness of fees in a charging lien matter.[1] Id.
We note, however, as did the Fifth District in Sea World, that “if a claimant is seeking to recover, as damages, fees paid to a physician, engineer, architect, or other professional, there is no requirement to present ‘corroborating’ testimony from an independent expert.” Sea World, 28 So.3d at 160 (emphasis added). The Fifth District held that a party is not required to call an independent expert witness to corroborate the reasonableness of attorney’s fees where that party “is seeking to recover previously incurred attorney’s fees as an element of damages in a breach of contract action.” Id. at 160-61.
In this case, plaintiff was seeking to recover the attorney’s fees he incurred in the litigation with his family as an element of damages in his wrongful act claims against his former attorneys for malpractice. This case is thus distinguishable from a situation where there is a first-party fee dispute between an attorney and a former client, or a situation in a fee-shifting case where a party is required by statute or contract to pay the attorney’s *1072 fees of the adverse party. Roshkind does not require independent expert testimony to establish the reasonableness of professional fees, including attorney’s fees, when those fees are an element of compensatory damages.
We apply the reasoning in Sea World in this case and conclude that, because plaintiff was seeking fees and costs incurred in the litigation with his family as an element of his compensatory damages under the wrongful act doctrine, he was not required to present corroborating testimony from an independent expert. The trial court thus erred in vacating the wrongful act damages solely on the basis that there was no independent expert testimony as to the reasonableness of the fees. Furthermore, we reach this conclusion even though plaintiff initially sued his family and the defendants all in the same lawsuit, rather than bringing the claims against the defendants in a separate lawsuit. To the extent our decision may conflict with Seitlin & Co. v. Phoenix Insurance Co., 650 So.2d 624 (Fla. 3d DCA 1994), we certify conflict.
Accordingly, we reverse that portion of the trial court’s post-trial order which struck the award of $250,000 in damages under the wrongful act doctrine solely because the plaintiff failed to present independent expert testimony to establish the reasonableness of the attorney’s fees. However, to the extent that the trial court found that the other grounds asserted in the defendants’ post-trial motions were moot, we direct on remand that the trial court consider these grounds on the merits. In all other respects, we affirm.

Affirmed in part, Reversed in part, and Remanded.

GERBER and LEVINE, JJ., concur.

. We certified the question to the Florida Supreme Court as one of great public importance, but the Florida Supreme Court ultimately declined to review the case. See Robin Roshkind, PA. v. Machiela, 64 So.3d 1245 (Fla.2011).