MORRIS, Judge.
Jane Doe appeals a final judgment entered in favor of the appellees. The trial court granted summary judgment against Jane Doe on her counts for false light and unauthorized publication of name or likeness. After a five-day trial on her remaining counts for invasion of privacy and negligent retention and supervision, the trial court entered a directed verdict. On appeal, Jane Doe raises several issues. We find merit only in her claim that the trial court erred in directing a verdict on the invasion of privacy count. Therefore, we reverse the judgment of the trial court and remand for a new trial on the invasion of privacy count. We affirm in all other respects.
The appellees own and operate the radio station of WRXK in Fort Myers. During the time at issue, the appellees employed an on-air radio personality and disc jockey, whom Jane Doe dated on- and off-again for approximately twenty years. They had a daughter together. In- the month of May 2005, around the time of the couple’s last break-up, the disc jockey disparaged Jane Doe in numerous on-air broadcasts. Jane Doe then commenced this action against the appellees on May 27, 2005.
Trial commenced in May 2011 on Jane Doe’s counts for invasion of privacy and *2 negligent retention 'and supervision. After five days of evidence, the appellees filed a motion for directed verdict, raising several arguments. The trial court granted the motion for directed verdict on the basis that Jane Doe “failed to present proof as to damages sustained by her as a result of the alleged acts of’ the appellees. As a result of this ruling, the trial court did not reach the other arguments made by the appellees in support of their motion for directed verdict. The trial court denied Jane Doe’s motion for new trial and entered a final judgment against her.
On appeal, Jane Doe argues that the trial court erred in entering the directed verdict on the issue of damages. She contends that the trial court improperly applied breach of contract case law and that her claim for invasion of privacy is instead controlled by Cason v. Baskin, 155 Fla. 198, 20 So.2d 243 (1944). We agree.
In ruling that Jane Doe had the burden to prove her damages in a definite amount, the trial court cited our opinion in Schimpf v. Reger, 691 So.2d 579 (Fla. 2d DCA 1997). In Schimpf, we held that “[i]t is incumbent upon the party seeking damages to present evidence to justify an award of damages in a definite amount.” Id. at 580. But Schimpf is inapplicable because it is a breach of contract case which was concerned only with economic losses and not with the duty owed to an injured party. See generally Casa Clara Condo. Ass’n v. Charley Toppino & Sons, Inc., 620 So.2d 1244, 1246 (Fla.1993) (“[Ejconomic losses are ‘disappointed economic expectations,’ which are protected by contract law, rather than tort law. This is the basic difference between contract law, which protects expectations, and tort law, which is determined by the duty owed to an injured party.” (citations omitted)); Facchina v. Mut. Benefits Corp., 735 So.2d 499 (Fla. 4th DCA 1999) (analyzing the economic loss rule and how it applies to tort actions, including invasion of privacy claims).
The seminal invasion of privacy case in Florida is Cason, 155 Fla. 198, 20 So.2d 243. In Cason, the supreme court reversed a judgment entered in favor of the defendants on an invasion of privacy claim.[1] Id. at 244, 254. The court ruled that a “vivid and intimate character sketch” published without the consent of the plaintiff was sufficient for a prima facie claim of invasion of privacy and “would authorize the recovery of at least nominal damages.” Id. at 247. Moreover, the court specifically held that a plaintiff in such an action does not “have to allege or prove any special or pecuniary damages.” Id. at 252; Kush v. Lloyd, 616 So.2d 415, 422 (Fla.1992) (“[I]t is well settled that mental suffering constitutes recoverable damages in cases of ... invasion of privacy.” (citation omitted) (citing Cason, 155 Fla. 198, 20 So.2d 243)). After the case was remanded, a jury trial was held and final judgment was entered in favor of the defendants. Cason v. Baskin, 159 Fla. 31, 30 So.2d 635, 637 (1947). On appeal, the supreme court held that the plaintiff failed to show that she was “entitled to any actual or compensatory damages.” Id. at 640. “Her health ha[d] not been impaired ... [and][t]here was no mental anguish— no loss of friends or respect in the community — no injury to character or reputation.” Id. But the court held that the plaintiff was entitled to nominal damages because she had proven “a wrongful invasion of her right of privacy.” Id.
*3 It is clear from the record in this ease that Jane Doe presented evidence that the disc jockey publicly disclosed private facts about her during the subject broadcasts. She also presented evidence that as a result of the broadcasts, she suffered stress, anxiety, humiliation, and physical ailments such as a large rash and boil on her face, which left a residual scar. According to the Cason decisions, Jane Doe made a sufficient showing of actual, or at the least nominal, damages and the trial court erred in preventing the issue from going to the jury. Therefore, we reverse the final judgment and remand for a new trial on Jane Doe’s claim of invasion of privacy.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT and CRENSHAW, JJ., Concur.

. The trial court sustained the defendants’ demurrers to the plaintiff’s complaint before entering judgment for the defendants. A "demurrer” is a pleading that is known in most jurisdictions today as a motion to dismiss. See Black's Law Dictionary 465 (8th ed. 2004).