DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VALENTIN RODRIGUEZ, P.A.,**
Appellant,

v.

**RICHARD ALTOMARE,**
Appellee.

No. 4D18-0785

[December 19, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; David French, Judge; L.T. Case No. 502015CA009281AH.

Valentin Rodriguez of Valentin Rodriguez, P.A., West Palm Beach, for appellant.

Peter Ticktin and Kendrick Almaguer of The Ticktin Law Group, Deerfield Beach, for appellee.

DAMOORGIAN, J.

Appellant, Valentin Rodriguez, P.A. ("Attorney"), appeals an order entering a directed verdict in favor of Richard Altomare ("Client"). The issue on appeal is whether Attorney was required to present expert testimony to establish the reasonableness of the fees in his breach of contract action against Client for unpaid legal fees. We reverse.

Client entered into a retainer agreement with Attorney for representation in a mail and securities fraud case in federal court. Under the agreement, Client was required to pay: $50,000 as an initial, non-refundable retainer; an additional $50,000 if the case went to trial, for a trial lasting no more than four days; an additional $3,000 per day if the trial lasted longer than four days; and an additional $5,000 for sentencing.

Client's federal case proceeded to a five day trial. At the conclusion of the case, Attorney billed Client a total of $111,334 in fees and expenses for his services. Client paid $22,500, leaving a balance of $83,834 after certain other adjustments were made. Thereafter, Client executed a promissory note in favor of Attorney for the unpaid balance. Receiving no

further payments from Client, Attorney sued Client for breach of the retainer agreement and sought compensatory damages in the amount of $83,834. Client responded to the complaint, but did not challenge the reasonableness of the flat fees charged by Attorney. The matter ultimately proceeded to a jury trial.

At trial, Client stipulated that he entered into the retainer agreement and did not pay Attorney the entire amount due. Accordingly, the only issue at trial concerned the amount of damages. To establish the amount of damages, Attorney introduced into evidence the retainer agreement, the invoice sent to Client listing the flat fees billed, and the promissory note. Aside from a best evidence objection regarding the promissory note, Client did not object to this evidence. Attorney also testified about his legal training and experience, the work he performed on Client's behalf, and the balance due by Client.

After Attorney rested, Client moved for a directed verdict on the grounds that Attorney failed to present independent expert testimony to establish the reasonableness of the attorney's fees. Attorney countered that no such expert testimony was required in a breach of contract action involving a flat flee. Moreover, Attorney argued that there was more than enough record testimony to justify the flat fees charged in the federal case. The court granted the motion for directed verdict on the grounds that Attorney was required to present independent expert testimony to establish the reasonableness of the fees. This timely appeal follows.

It is well established "that where a party seeks to have the opposing party in a lawsuit pay for attorney's fees incurred in that *same* action, the general rule in Florida is that independent expert testimony is required." *Sea World of Fla., Inc. v. Ace Am. Ins. Cos.*, 28 So. 3d 158, 160 (Fla. 5th DCA 2010). Similarly, "case law throughout this state has adhered to the requirement of an independent expert witness to establish the reasonableness of fees, regardless of whether a first or third party is responsible for payment." *Robin Roshkind, P.A. v. Machiela*, 45 So. 3d 480, 481 (Fla. 4th DCA 2010). Such a requirement exists "because attorneys have an ethical duty, pursuant to the Florida Rules Regulating the Florida Bar, to charge fair and reasonable fees, regardless of the terms of the fee agreement." *Id.* at 481–82.

If, however, a party is seeking to recover previously incurred attorney's fees as an element of compensatory damages in a separate breach of contract action, that party is not required to provide an independent expert witness to corroborate the reasonableness of the fees. *Sea World*, 28 So. 3d at 160–61; *see also Schwartz v. Bloch*, 88 So. 3d 1068, 1072 (Fla. 4th

2

DCA 2012) ("*Roshkind* does not require independent expert testimony to establish the reasonableness of professional fees, including attorney's fees, when those fees are an element of compensatory damages.").

In the present case, Attorney sought the previously incurred attorney's fees as an element of compensatory damages in his breach of contract action against Client. Accordingly, Attorney was not required to present an independent expert witness to establish the reasonableness of the fees. *Schwartz*, 88 So. 3d at 1072; *Sea World*, 28 So. 3d at 160–61.

Moreover, because Attorney sought to recover flat fees and Client not only acknowledged the obligation when he executed the promissory note but also failed to raise any substantive objections to the evidence at trial, Attorney was not required to establish the overall reasonableness of the fees in his breach of contract action. *See Gossett & Gossett, P.A. v. Mervolion*, 941 So. 2d 1207, 1209 (Fla. 4th DCA 2006) (holding that the court erred in reducing the amount of attorney's fees contractually billed, which the client did not dispute or otherwise question, to an amount the court found reasonable, explaining that "[a] charging lien is contractual in nature and is to be based upon the amount agreed with the client, not an amount to be determined by the trial court"); *Universal Beverages Holdings, Inc. v. Merkin*, 902 So. 2d 288, 290 (Fla. 3d DCA 2005) (holding that the attorney was not legally required to provide a detailed accounting of the number of hours expended and services rendered in his breach of contract action because "[t]he matter of a fee agreement between a lawyer and his client is a question of contract," and the attorney therefore was only required "to show the existence of an oral contract and its terms"); *see also Matter of Innkeepers of New Castle, Inc.*, 671 F.2d 221, 230 (7th Cir. 1982) (holding that because the fee contract expressly provided that the attorney would recover fifty percent of any net recovery, it was error for the court "to use a 'reasonable fee' standard in lieu of the valid fee contract as the basis for determining the extent of [the attorney's] lien").

Accordingly, the trial court erred in entering a directed verdict in favor of Client. In light of the stipulations at trial, we reverse and remand for a new trial on the issue of damages only.

*Reversed and remanded for new trial.*

WARNER and KUNTZ, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

3