DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**C. GIOVANNI MUENTES** a/k/a **CARLOS G. MUENTES**
and **MICHELE RUIZ,**
Appellants,

v.

**BRUCE S. ROSENWATER & ASSOCIATES, P.A.,**
Appellee.

No. 4D22-356

[January 11, 2023]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Sarah Shullman, Judge; L.T. Case No. 50-2020-SC-018671-XXXX-MB.

Thomas J. Gruseck, West Palm Beach, for appellants.

Bruce S. Rosenwater of Bruce S. Rosenwater & Associates, P.A., West Palm Beach, for appellee.

DAMOORGIAN, J.

Appellants, C. Giovanni Muentes a/k/a Carlos G. Muentes and Michele Ruiz ("Clients"), appeal a final judgment awarding Appellee, Bruce S. Rosenwater & Associates, P.A. ("Law Firm"), previously incurred attorney's fees as an element of compensatory damages. For the reasons discussed below, we reverse the portion of the final judgment awarding Law Firm attorney's fees for the first six months of representation.

Relevant to our decision are the following facts adduced during a bench trial. Clients entered into a retainer agreement with Law Firm for representation in a foreclosure action. The agreement provided in pertinent part:

**<u>RETAINER</u>**

As payment towards your retainer, you have paid an initial retainer in the amount of $3,000.00. **This is a non-refundable engagement fee.** It also will be depleted by a

$500.00 monthly fee against it. *When the initial retainer is depleted, an additional retainer may be required, and you will be billed on an hourly basis for work performed.* . . .

. . . .

## REASONABLENESS OF FEES

If, at any time, the Client believes the bill is not reasonable, the Client will notify the Firm, in writing, within thirty (30) days of the date of the bill, and the Client and the Firm will review the bill together. *If no notice is received, it is understood that the billing statement is accepted as correct, accurate, and reasonable.*

(italicized emphasis added).

Consistent with the retainer agreement, Clients paid the initial $3,000 retainer fee, and Law Firm charged $500 a month against the fee for the first six months of representation. Notably, during those first six months, Law Firm also separately billed Clients on an hourly basis for work performed. Law Firm continued to represent Clients for several months beyond the initial six-month period, billing on an hourly basis for work performed. When Clients failed to pay any amount beyond the initial $3,000 retainer fee, Law Firm withdrew from the case and filed a breach of contract action against Clients.

The case ultimately proceeded to trial during which Law Firm sought damages in the amount of $6,728.80. This amount included attorney's fees incurred during the first six months of representation in the foreclosure action beyond the $3,000 retainer fee. The primary point of contention at trial was whether, under the terms of the retainer agreement, Law Firm was permitted to bill Clients in excess of the $3,000 retainer fee for the first six months of representation. In support of its argument that it was permitted to bill Clients beyond the $3,000, Law Firm explained that the $500 monthly charge against the initial retainer represented an installment towards the final total fee for the case—akin to a payment plan. Clients countered that the agreement called for a flat fee of $500 a month for the first six months payable in advance in the amount of $3,000. Thereafter, Law Firm would bill for hours worked beyond the first six months at the agreed upon hourly rates.

The court ultimately found the contract contained a latent ambiguity and entered a final judgment containing the following findings:

2

> The [c]ourt finds that the Retainer Agreement contains a latent ambiguity. On its face, the Retainer provision provides that there is a $500.00 monthly fee against the $3,000.00 retainer, and, when depleted, the clients would be billed on an hourly basis. In other words, [Clients] would be charged $500.00 a month for six (6) months and then hourly billing thereafter. This, in fact, is the interpretation offered by [Clients]. *The contract appears to be clear and unambiguous.*
>
> However, [Law Firm] testified through Mr. Rosenwater that the $500.00 monthly fee is not a "flat fee" as the term implies. Rather, under this type of billing structure, clients are still *billed* the normal hourly rate multiplied by the number of hours expended, but only *charged* at $500.00 a month, like a payment plan.

(first emphasis added). This appeal follows.

We review a trial court's determination that a contract is ambiguous *de novo*. *See Fla. Inv. Grp. 100, LLC v. Lafont*, 271 So. 3d 1, 4 (Fla. 4th DCA 2019). "Where the terms of a contract are clear and unambiguous, the parties' intent must be gleaned from the four corners of the document." *Crawford v. Barker*, 64 So. 3d 1246, 1255 (Fla. 2011); *see also Sheen v. Lyon*, 485 So. 2d 422, 424 (Fla. 1986) (when contract language "is clear and unambiguous a court cannot entertain evidence contrary to its plain meaning"). Moreover, whether contract terms are ambiguous depends on whether the terms are reasonably susceptible to more than one interpretation. *Lambert v. Berkley S. Condo. Ass'n*, 680 So. 2d 588, 590 (Fla. 4th DCA 1996). "An agreement is ambiguous if as a whole or by its terms and conditions it can *reasonably* be interpreted in more than one way." *Clayton v. Poggendorf*, 237 So. 3d 1041, 1047 (Fla. 4th DCA 2018) (emphasis added).

Clients first argue the court erred by finding the retainer agreement permitted hourly billing during the first six months of representation. Clients maintain the language in the retainer agreement providing "depleted by a *$500.00 monthly fee* against it" can only mean that the $500 charged monthly during the first six months *is the fee* for those months— not an installment payment towards the total fee. In other words, "monthly fee" can only have one meaning—the fee is a flat rate of $500 per month. We agree with Clients and hold that the parties' agreement unambiguously provided for a flat fee of $500 per month for the first six months charged against the $3,000 retainer. This interpretation is also

3

supported by the following sentence in the agreement: "*When* the initial retainer is depleted, an additional retainer may be required, *and you will be billed on an hourly basis for work performed.*" (emphasis added). Use of the word term "[*w*]*hen*" indicates a moment in time, meaning Clients would begin *being* billed hourly *when* the initial retainer is depleted. *See Liberty Mut. Ins. Co. v. Wolfson*, 299 So. 3d 28, 35 (Fla. 4th DCA 2020) (under the doctrine of *noscitur a sociis*, "a word is known by the company it keeps" and should be interpreted with reference to the other words in the context that those words appear). Additionally, the agreement does not explicitly indicate Clients would be billed for hourly work performed during the first six months nor does it provide that the $500 monthly payments represent installments. Accordingly, we reverse the portion of the final judgment awarding Law Firm attorney's fees for the first six months of representation.

Turning to the fees billed *after* the first six months, Clients argue reversal is required because Law Firm did not present expert testimony to establish the reasonableness of the fees. We reject this argument. "In the present case, [Law Firm] sought the previously incurred attorney's fees as an element of compensatory damages in [its] breach of contract action against Client[s]. Accordingly, [Law Firm] was not required to present an independent expert witness to establish the reasonableness of the fees." *Rodriguez v. Altomare*, 261 So. 3d 590, 592 (Fla. 4th DCA 2018) ("If . . . a party is seeking to recover previously incurred attorney's fees as an element of compensatory damages in a separate breach of contract action, that party is not required to provide an independent expert witness to corroborate the reasonableness of the fees."); *see also Universal Beverages Holdings, Inc. v. Merkin*, 902 So. 2d 288, 290 (Fla. 3d DCA 2005) (in the context of a breach of contract action to recover previously incurred attorney's fees, the attorney "was not legally required to provide a detailed accounting of the services rendered and the number of hours expended. Instead, he only needed to show the existence of an oral contract and its terms."). Accordingly, we affirm in all respects the portion of the final judgment awarding Law Firm the attorney's fees which it incurred after the first six months of representation.

*Affirmed in part, reversed in part, and remanded.*

MAY and KUNTZ, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***