[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13778

Non-Argument Calendar

_____

EDWARD WILLIS, JR., et al.,

Plaintiffs,

JOHN E.D. GRUNOW, JR.,

HARBOR COURSE PROPERTIES, LLC,

As successor in interest by merger to

O.R. GOLF PARTNERS, LTD, as assignees of

EDWARD WILLIS, JR. and EDUARDO WILLIS, III,

d/b/a WORMMYS,

Plaintiffs-Appellants,

versus

NOVA CASUALTY COMPANY,

Defendant,

LATHAM, LUNA, EDEN & BEAUDINE, LLP,

Claimant-Appellee.

_____

Appeal from the United States District Court

for the Southern District of Florida
D.C. Docket No. 4:10-cv-10041-KMM

_____

Before JILL PRYOR, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

John E.D. Grunow, Jr., and Harbor Course Properties, LLC, contest the amount of attorney's fees owed to their former counsel, Latham, Luna, Eden & Beaudine, LLP. After the law firm obtained two settlements for the clients, the clients refused to pay deferred fees and a premium required by their fee agreement. The law firm sought a charging lien for the total amount owed under the agreement, and a magistrate judge recommended enforcing the law firm's charging lien. The district court adopted the magistrate

judge's recommendation and report, determining the law firm was entitled to $1,012,469.99 based on the parties' fee agreement.

On appeal, the clients argue that the district court erred in adopting the magistrate judge's report because it (1) improperly considered the reasonableness of the firm's fees and (2) overlooked whether the firm's hours billed violated their ethical duties to the client. We disagree and affirm.

## I.

The law firm Latham, Luna, Eden & Beaudine, LLP, represented its clients John E.D. Grunow, Jr., and Harbor Course Properties, LLC, in an environmental dispute against the clients' contractor and cutters retained by the contractor for illegally cutting down mangrove on the clients' property. From 2002 to 2013, the clients paid the firm monthly. But after the clients developed concerns about the cost of the ongoing litigation, the firm and clients devised a mixed contingency fee agreement. That fee agreement allowed the clients to pay the law firm substantially discounted hourly rates each month, but it authorized the firm to impose retrospectively higher hourly rates based on the amount of money it recovered. For the first $1 million the firm recovered, clients were to pay one-half of the difference between the discounted and regular rates. For any recovery over $1 million, the clients would pay the remaining deferred fees and a premium. If the clients wished to dispute any amount in a periodic invoice, the fee agreement required they notify the law firm within thirty days. In line with the

fee agreement, the law firm sent the clients eighty-two invoices, and the clients paid each within thirty days at the reduced hourly rate.

After years of litigation, the firm recovered for the clients two settlements: first, against the clients' contractor and the contractor's cutters for the damaged mangrove and, second, against the cutter's insurance company for bad faith failure to indemnify. The law firm calculated the amount the clients owed under the contingency fee portion of the agreement as totaling over $1 million based on time billed, deferred fees, and a premium. The clients repudiated the bill, and the law firm moved to enforce a charging lien in the district court. The matter was assigned to a magistrate judge, who recommended enforcing the law firm's charging lien pursuant to the fee agreement in the amount of $1,012,469.99.

Central to this appeal, the magistrate judge rejected two arguments from the clients. First, she refused to entertain the clients' argument that the firm's fees were unreasonable, finding the parties bound by the amounts agreed to in the fee agreement. The magistrate judge continued, "even if the Court were charged with reviewing the reasonableness of the fees, the Client would have waived its objections" by failing to timely object to the firm's monthly invoices. Second, the magistrate judge rejected the clients' argument that the law firm wasted its money by failing to identify "a crucial insurance law issue" before obtaining the second settlement. The magistrate judge reasoned that the argument that the firm "took ill-advised legal positions is not, even if true, a valid

basis for challenging" the law firm's entitlement to payment under the fee agreement. The district court adopted the magistrate judge's recommendation and report in full. This appeal followed.

## II.

Under Florida law, a "charging lien is an equitable right to have costs and fees due an attorney for services in the suit secured to him in the judgment or recovery in that particular suit." *Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom*, 428 So. 2d 1383, 1384 (Fla. 1983). A charging lien enforces a contract between the attorney and client. *See id.* at 1385. We "review[] a trial court's award of attorneys' fees for abuse of discretion. However, a trial court's interpretation of a contract is a matter of law subject to a *de novo* standard of review." *US Acquisition, LLC v. Tabas, Freedman, Soloff, Miller & Brown, P.A.*, 87 So. 3d 1229, 1234 (Fla. 4th DCA 2012) (cleaned up).

A charging lien requires four elements: first, a valid contract, express or implied, between the attorney and client; second, an understanding between the parties that payment is dependent upon recovery; third, the client's attempt to avoid payment of the fees or a dispute over the amount involved; and fourth, timely notice of the lien. *Id.* Unless the terms of the fee agreement are "illegal, prohibited, or excessive, under a periodic fee agreement for services already performed, the lawyer is entitled to a money judgment for the amount of fees due under the contract." *Franklin & Marbin, P.A. v. Mascola*, 711 So. 2d 46, 52 (Fla. 4th DCA 1998); *see also* R.

Regulating Fla. Bar 4-1.5(d). The charging lien "is to be based on the amount agreed with the client, not an amount to be determined by the trial court." *Gossett & Gossett, P.A. v. Mervolion*, 941 So. 2d 1207, 1209 (Fla. 4th DCA 2006).

On appeal, the clients do not dispute that the four requirements for a valid charging lien are satisfied. Instead, they challenge the district court's evaluation of the fees' reasonableness.

First, the clients contend the district court erred in adopting the magistrate judge's report because it was based on an incorrect evaluation of the reasonableness of the firm's fees. We disagree. When attorney's fees are governed by a contractual fee agreement, and the client does not "dispute or otherwise question" the amount billed, a court may not rewrite the agreement based on what it considers to be a reasonable fee. *See Rodriguez v. Altomare*, 261 So. 3d 590, 592 (Fla. 4th DCA 2018).

Here, the district court, in adopting the magistrate judge's recommendation and report, did not evaluate the reasonableness of the firm's work or its fee. The magistrate judge explicitly declined to consider the reasonableness of the fees, determining that the fee agreement controlled. She reasoned, "even if the Court were charged with reviewing the reasonableness of the fees, the Client would have waived its objections" by never disputing the firm's monthly invoices. *Id.*

The clients mistakenly point to the magistrate judge's discussion of the firm's alleged failure to identify "a crucial insurance

law issue" as addressing the reasonableness of its work or fees. As the magistrate judge explained, this is a contract action rather than a legal malpractice suit, and her review of "certain legal positions taken" was irrelevant to "whether the Fee Agreement was breached and whether the resulting lien is enforceable." She explained that the client's "argument that the Law Firm took ill-advised legal positions is not, even if true, a valid basis for challenging the Law Firm's entitlement to the fees owed under the Fee Agreement."

Second, the clients contend that the district court *should* have considered the reasonableness of fees—and failed to do so here—because the firm's number of hours charged violates its ethical obligations. The clients point to the Rules Regulating the Florida Bar 4-1.5, which imposes on attorneys an ethical obligation to "charge fair and reasonable fees regardless of how an attorney words a fee agreement." See *Elser v. Law Offices of James M. Russ, P.A.*, 679 S. 2d 309, 312 (Fla. 5th DCA 1996). "Specifically, an attorney owes his or her client a duty to only charge the client for those hours that are reasonably necessary to perform legal services under the contract." *Id.*

The clients do not consider excessive the rates determined in the 2013 fee agreement, but the number of hours charged. Among other things, they allege that the firm billed for multiple attorneys to attend depositions and meetings, that partners performed tasks that could have been performed by paralegals, and

the firm charged too much time for simple matters that should have taken less time.

We agree with the district court that, as a matter of contract law, the clients cannot object to the number of hours billed at this time. The fee agreement required that, if the clients wished to object to the hours billed, they notify the law firm within thirty days of any invoice. Where a fee agreement specifies that the client must object to hours billed, the client may not later assert "after-the-fact objections to the expenditure of time that might have been avoided if seasonably raised." *Franklin & Marbin, P.A.*, 711 So. 2d at 52. Had the clients not wanted to pay for multiple attorneys to attend a deposition or for work that took too long, the clients should have raised that objection when they received the invoice, and the firm could have responded appropriately. Instead, the clients carefully reviewed every invoice before paying them but objected to none. Failing to have done so, the clients may not now attack the number of hours billed as excessive. *Id.*

## III.

The district court is **AFFIRMED**.